HOTEL PLAZA COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43108. Promulgated January 7, 1932.

*John D. Kiley, Esq.*, for the respondent.

OPINION.

MURDOCK: This proceeding was called from the day calendar of December 8, 1931, for hearing on the merits. There was no appearance on behalf of the petitioner. It appears however that depositions were taken pursuant to an order of the Board, and the orginal depositions and exhibits were filed with the Board on November 26, 1931. On December 7, 1931, counsel for the petitioner filed a brief in which he stated it was in lieu of personal appearance as provided in Rule 29 of the Board's rules of practice. Rule 29 contains the following provision: " Testimony taken by deposition will not be considered until offered and received in evidence." It further provides that the rule shall not relieve the party upon whom rests the burden of proof from adducing at the hearing proper evidence in support of the issues.

Rule 46, containing general provisions as to depositions, contains the following provision: "(j) The deposition of any witness shall

not constitute a part of the record until received in evidence at a hearing of the proceeding."

The only allegations of the petition which are admitted in the answer relate to the jurisdiction of the Board. Thus, there are no facts before us to support the issues raised in the petition.

The Commissioner determined deficiencies of $25,930.51 and $2,812.77 for the years 1925 and 1926, respectively. The only issue for the year 1925 raises the question of whether or not the Commissioner erred in treating the assumption by a purchaser of a mortgage and the notes given by the purchaser secured by second mortgages at the face value of the mortgages in computing the profit or loss from the sale of the mortgaged property. The petitioner also claims that statutory net losses for 1924 and 1925 should be applied to the year 1926. The Commissioner deducted the entire loss for the year 1924 from the income which he determined for the year 1925. Unless the Commissioner erred as to the year 1925, there is no loss to be carried over to the year 1926. The sole support for its contention as to the year 1925 which the petitioner cites is *Schneider* v. *Lucas*, decided by the District Court of the United States for the Western District of Kentucky on August 3, 1929. In *Lucas* v. *Schneider*, 47 Fed. (2d) 1006, the Circuit Court of Appeals for the Sixth Circuit reversed this case, and certiorari was denied October 12, 1931, 284 U. S. 622. See also *Metropolitan Properties Corporation*, 24 B. T. A. 220.

*Judgment will be entered for the respondent.*